Dear Representative Staggs
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Enrolled House Bill No. 1719 of the 2nd Regular Session of the 48th Oklahoma Legislature, (amending 74 O.S. 2001, §§ 941[74-941] and 942), regarding the Oklahoma State Pension Commission, enumerated certain new duties for the named Oklahoma public pension retirement systems which may require additional administrative expenses for each system. Do the amended reporting requirements of Section 942 conflict with Article XXIII, Section 12 of the Oklahoma Constitution, which imposes various limits on the use of pension trust funds?
 I. Nature Of The Newly Imposed Reporting Requirements To The Oklahoma State Pension Commission
¶ 1 The Legislature amended the laws relating to public retirement systems to require State pension systems to provide a more uniform method of annually reporting investment data to the Oklahoma State Pension Commission ("Commission"). Section 2 of H.B. 1719 requires the use of standard assumptions, set out in the statute, that may vary from those actuarial assumptions adopted by each pension system. 74 O.S. Supp. 2002, §942[74-942](A)(1). The Board of Trustees of each retirement system is to attach the additional report as an appendix or addendum to the annual report to the Commission. Id. § 942(E).
¶ 2 In 1988, the Legislature created the Commission for the purpose of legislative oversight and to promote public awareness of the financial performance and fiscal soundness of State pension systems. See 1988 Okla. Sess. Laws ch. 321, § 38. Through the publication of various periodic public reports, the Commission provides the Governor, the Legislature and the public with a quarterly and annual comparative analysis of returns on investments and the financial health of each system. 74 O.S.Supp. 2002, § 942[74-942](A), (B).
¶ 3 From the inception of the Commission in 1988, the Legislature contemplated that the administrative costs necessary to operate the Commission:
 [S]hall be apportioned by the State Auditor and Inspector among the Oklahoma Firefighters Pension and Retirement System, the Oklahoma Police Pension and Retirement System, the Uniform Retirement System for Justices and Judges, the Oklahoma Law Enforcement Retirement System, the Teachers' Retirement System of Oklahoma, the Oklahoma Public Employees Retirement System and the Department of Wildlife Conservation on behalf of the retirement plan adopted by the Wildlife Conservation Commission in proportion to the percentage that the assets of each system at the end of the preceding fiscal year were to the combined total of the assets of the systems.
Id. § 941(D).
¶ 4 Further, the newly enacted subsection E of Section 942 requires the following:
 In order to standardize the information and analysis of the financial condition of each of the retirement systems, the Board of Trustees of each retirement system making annual reports to the Commission as required by law shall provide information regarding the financial and actuarial condition of the System using assumptions or requirements as hereinafter required for the report stating the condition of the System as of July 1, 2002, and for each subsequent reporting date, which information shall be contained in an appendix or addendum to the annual report. For purposes other than the reporting requirements contained in the appendix or addendum, all actuarial and economic assumptions shall be those assumptions adopted by the respective retirement system in its annual actuarial valuation. The appendix or addendum shall contain a statement of the financial condition of the retirement system:
 1. Using an assumed rate of return of seven and one-half percent (7.5%), net of investment expenses, per annum, compounded annually;
 2. Using an actuarial assumption regarding cost-of-living adjustments for the retirement system of two percent (2%) annually;
 3. That relies upon the use of appropriate preretirement, postretirement and disability retirement information using generational projections taken from the RP-2000 Mortality Tables, published by the Society of Actuaries;
 4. Which accurately and completely summarizes all sources of system assets, other than employee contributions, which shall include, but not be limited to, the total of all employer contributions, any dedicated tax or fee revenue, of whatever kind or however denominated, and the total amount of any other source of revenue which accrues to the retirement system, other than return on investments, such as federal monies used for the purpose of making employer contributions; and
 5. Using an assumption that the unfunded actuarial accrued liabilities of the retirement system are amortized over a period of thirty (30) years, in a manner consistent with the Governmental Accounting Standards Board Statement Number 25.
Id. (emphasis added).
¶ 5 Except for the Oklahoma Wildlife Conservation Commission, subsection E is incorporated in the statutes of all State pension systems including: The Oklahoma Firefighters Pension and Retirement System, the Oklahoma Police Pension and Retirement System, the Oklahoma Public Employees Retirement System, the Uniform Retirement System for Justices and Judges, the Oklahoma Law Enforcement Retirement System, and the Teachers' Retirement System of Oklahoma.[1] See 74 O.S. Supp. 2002, §942[74-942](A)(1).
 II. Oklahoma Constitution Article XXIII, Section 12
¶ 6 You ask whether requiring the pension systems to produce an additional report based upon the standard actuarial assumptions in Section 942(E), conflict with the restrictions placed on pension system administrative expenses as allowed by ArticleXXIII, Section 12 in the Oklahoma Constitution. Section 12 states:
 All the proceeds, assets and income of any public retirement system administered by an agency of the State of Oklahoma shall be held, invested, or disbursed as provided for by law as in trust for the exclusive purpose of providing for benefits, refunds, investment management, and administrative expenses of the individual public retirement system, and shall not be encumbered for or diverted to any other purposes.
Id. (emphasis added).
¶ 7 Pursuant to the Constitution, the use of State pension funds is limited to providing benefits and refunds, investing funds, and for administrative expenses incurred in operating the individual systems. You ask whether the uniform reporting requirements found in Section 942(E) conflict with the constitutional language that pension system funds are to be expended for the exclusive purposes set forth in the Constitution.
¶ 8 We first recognize that, in part, the public pension systems at issue are funded by the legislature.[2] We further recognize that the Commission was designed in part to provide for oversight necessary to guide the Legislature in its funding of the pension systems, and that each system has historically incurred some expense in preparing mandated annual reports. 74 O.S. Supp. 2002, § 941[74-941](D). The new reporting requirements clearly further the purpose of Legislative oversight, and we conclude the reporting requirements are thus part of a legitimate administration program of the retirement systems. Accordingly, public pension system funds may be constitutionally expended to prepare such reports, as under the Constitution those funds may be used to cover administrative expenses of the individual retirement systems. 74 O.S. Supp.2002, § 941[74-941](D).
¶ 9 For these reasons, we conclude that new pension system expenditures made to meet the new reporting requirements of the Act, do not violate Article XXIII, Section 12 of the Oklahoma Constitution.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Article XXIII, Section 12 of the Oklahoma Constitution, which limits expenditures by public retirement systems, is not offended by the uniform reporting requirements placed on the public retirement systems contained in 74 O.S. Supp. 2002, § 942[74-942].
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JOHN McCORMICK Assistant Attorney General
[1] The Oklahoma State pension systems and their statutes are as follows: the Oklahoma Firefighters Pension and Retirement Board (Fire), 11 O.S. Supp. 2002, § 49-100.9[11-49-100.9](H); the Oklahoma Police Pension and Retirement Board (Police), 11 O.S. Supp.2002, § 50-105.4[11-50-105.4](H); the Uniform Retirement System for Justices and Judges (Judges), 20 O.S. Supp. 2002, § 1108[20-1108](B); the Oklahoma Law Enforcement Retirement Board (OLERS), 47 O.S. Supp. 2002, §2-303.1[47-2-303.1](H); the Board of Trustees of the Teachers' Retirement System of Oklahoma (TRS), 70 O.S. Supp. 2002, § 17-106.1[70-17-106.1](H); and the Oklahoma Public Employees Retirement System Board of Trustees (OPERS), 74 O.S. Supp. 2002, § 909.1[74-909.1](H).
[2] The Legislature has obligated the State of Oklahoma and its political subdivisions to annually fund the six statewide retirement systems either through direct appropriations, dedicated tax revenues or State employer contributions. See,e.g., 36 O.S. 2001, § 312.1[36-312.1](A)(1) (Dedicated Premium Tax Revenue) Oklahoma Firefighters Pension and Retirement Fund (Firefighters); 11 O.S. 2001, § 49-119[11-49-119] (Direct Appropriations as necessary) Firefighters; 36 O.S. 2001, § 312.1[36-312.1](A)(2) (Dedicated Premium Tax Revenue) Oklahoma Police Pension and Retirement System (Police); 11 O.S. 2001, § 50-109[11-50-109] (Direct Appropriations as necessary) Police; 36 O.S. 2001, §312.1[36-312.1](A)(3) (Dedicated Premium Tax Revenue) Oklahoma Law Enforcement Retirement System (OLERS); 47 O.S. 2001, § 2-304[47-2-304]
(State Employer Contributions) OLERS; 20 O.S. 2001, § 1308[20-1308]
(Dedicated Court Fund Revenue) Uniform Retirement System for Justices and Judges; 74 O.S. 2001 Supp. 2002, §§ 919.1, 920
(6) (State Employer Contributions, must be included in budget by Governor) Oklahoma Public Employees Retirement System; 47 O.S.Supp. 2002, § 1136[47-1136](66) (Education License Plates), 68 O.S.Supp. 2002, §§ 1353[68-1353](3) (sales tax), 1403(3) (use tax), 2352
(2)(c) (income tax), 70 O.S. 2001 Supp. 2002, §§ 17-108,17-108.1 (State Employer/Employee Contributions) Teachers' Retirement System of Oklahoma.